UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| SECURITY NATIONAL INSURANCE COMPANY, | No. 2:13-cv-01594-MCE-CKD |
|---|---|
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| UNITED STATES OF AMERICA, et al., | |
| Defendants. | |

On August 2, 2013, Plaintiff Security National Insurance Company ("Plaintiff"), as subrogee of All Power, Inc. ("All Power"), brought a negligence action against the United States of America ("Defendant") and Does 1 through 10 ("Doe Defendants") seeking reimbursement of workers' compensation benefits. Compl., Aug. 2, 2013, ECF No. 1. Defendant filed a Motion to Dismiss ("Motion"), which Plaintiff timely opposed. Mot., Oct. 28, 2013, ECF No. 10. For the following reasons, the Court GRANTS Defendant's motion to dismiss with prejudice.[1]

///

///

---

[1] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefs. E.D. Cal. Local R. 230(g). See Minute Order, Jan. 22, 2013, ECF No. 20.

# BACKGROUND[2]

Plaintiff, as subrogee of All Power, filed a Complaint against Defendant and Doe Defendants for negligence arising from injuries sustained by four All Power employees who were constructing a perimeter masonry wall at an electrical substation at Beale Air Force Base.  At approximately 8:30 a.m. on October 17, 2011, one of the All Power employees, Robyn Holloway, was bending rebar to place in a masonry wall when electricity arced from the substation to the rebar, traveled through his body and out his lower leg and ankle.  As a result, Robyn Holloway was electrocuted and rendered unconscious.  The three other All Power employees, Sterling Holloway, Blake Wolfwinkel and Cheyanne Sinkola, tried to put out the flames and assist Robyn Holloway.  Robyn Holloway sustained burns over a significant portion of his body.  Sterling Holloway, Blake Wolfwinkel and Cheyanne Sinkola claim injuries as a result of witnessing Robyn Holloway's injuries and/or being forced to put out the flames engulfing him.  Plaintiff alleges that the United States was negligent in its duty to properly supervise and direct workers working in the immediate vicinity of the electrical substation.[3]

All Power reported the injuries sustained by its four employees to Plaintiff. Plaintiff paid indemnity and medical benefits to or on behalf of the four employees and alleges that it will continue to pay these benefits.  Plaintiff brings this action pursuant to California Labor Code § 3853 to recover the benefits that Plaintiff paid and will likely continue to pay as a result of the above incident.

Defendant now moves to dismiss Plaintiff's Complaint with prejudice for lack of subject matter jurisdiction on the grounds that Plaintiff failed to exhaust its tort claims by

---

[2] The facts are taken, often verbatim, from Plaintiff's Complaint.  Compl., Aug. 2, 2013, ECF No. 1.

[3] Two of the four injured All Power employees, Robyn and Sterling Holloway (collectively the" Holloways"), separately sued the United States.  See Holloway, et al. v. United States of America, 2:12-cv-02120-MCE-CKD.  On October 23, 2013, the United States filed a notice of related case.  See ECF No. 19.  On January 17, 2014, Plaintiff moved to intervene in Holloway.  See ECF Nos. 27, 28; 2:12-cv-02120-MCE-CKD.  Plaintiff's motion to intervene in that related case is currently set for hearing on March 20, 2014.  Id.

not presenting an administrative claim to the United States Air Force as required by the Federal Tort Claims Act ("FTCA").  Mot., Oct. 28, 2013, ECF No. 10.  Defendant also moves to dismiss the Doe Defendants.  Id.

## STANDARD

Federal courts are courts of limited jurisdiction, and are presumptively without jurisdiction over civil actions.  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  The burden of establishing the contrary rests upon the party asserting jurisdiction.  Id.  Because subject matter jurisdiction involves a court's power to hear a case, it can never be forfeited or waived.  United States v. Cotton, 535 U.S. 625, 630 (2002).  Accordingly, lack of subject matter jurisdiction may be raised by either party at any point during the litigation, through a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1).[4]  Arbaugh v. Y&H Corp., 546 U.S. 500, 506 (2006); see also Int'l Union of Operating Eng'rs v. Cnty. of Plumas, 559 F.3d 1041, 1043-44 (9th Cir. 2009).  Lack of subject matter jurisdiction may also be raised by the district court sua sponte.  Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999).  Indeed, "courts have an independent obligation to determine whether subject matter jurisdiction exists, even in the absence of a challenge from any party."  Id.; see Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss the action if subject matter jurisdiction is lacking).

There are two types of motions to dismiss for lack of subject matter jurisdiction: a facial attack and a factual attack.  Thornhill Publ'g Co. v. Gen. Tel. & Elec. Corp., 594 F.2d 730, 733 (9th Cir. 1979).  Thus, a party may either make an attack on the allegations of jurisdiction contained in the nonmoving party's complaint, or may challenge the existence of subject matter jurisdiction in fact, despite the formal sufficiency of the pleadings.  Id.

---

[4] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

1  In the case of a factual attack, "no presumptive truthfulness attaches to plaintiff's
2  allegations." Thornill, 594 F.2d at 733 (internal citation omitted).  The party opposing the
3  motion has the burden of proving that subject matter jurisdiction does exist, and must
4  present any necessary evidence to satisfy this burden.  St. Clair v. City of Chico,
5  880 F.2d 199, 201 (9th Cir. 1989).  If the plaintiff's allegations of jurisdictional facts are
6  challenged by the adversary in the appropriate manner, the plaintiff cannot rest on the
7  mere assertion that factual issues may exist.  Trentacosta v. Frontier Pac. Aircraft Ind.,
8  Inc., 813 F.2d 1553, 1558 (9th Cir. 1987) (quoting Exch. Nat'l Bank of Chi. v. Touche
9  Ross & Co., 544 F.2d 1126, 1131 (2d Cir. 1976)).  Furthermore, the district court may
10 review any evidence necessary, including affidavits and testimony, in order to determine
11 whether subject matter jurisdiction exists.  McCarthy v. United States, 850 F.2d 558, 560
12 (9th Cir. 1988); Thornhill, 594 F.2d at 733.  If the nonmoving party fails to meet its
13 burden and the court determines that it lacks subject matter jurisdiction, the court must
14 dismiss the action.  Fed. R. Civ. P. 12(h)(3).
15  A court granting a motion to dismiss a complaint must then decide whether to
16 grant leave to amend.  Leave to amend should be "freely given" where there is no
17 "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice
18 to the opposing party by virtue of allowance of the amendment, [or] futility of the
19 amendment . . . ."  Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v.
20 Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to
21 be considered when deciding whether to grant leave to amend).  Not all of these factors
22 merit equal weight.  Rather, "the consideration of prejudice to the opposing party . . .
23 carries the greatest weight."  Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183,
24 185 (9th Cir. 1987)).
25 ///
26 ///
27 ///
28 ///

1  Dismissal without leave to amend is proper only if it is clear that "the complaint could not
2  be saved by any amendment." Intri-Plex Techs. v. Crest Group, Inc., 499 F.3d 1048,
3  1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005));
4  Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need
5  not be granted where the amendment of the complaint . . . constitutes an exercise in
6  futility . . .")).

## ANALYSIS

### A.   Subject Matter Jurisdiction

Defendant moved to dismiss Plaintiff's Complaint with prejudice pursuant to Rule 12(b)(1). According to Defendant, Plaintiff's failure to exhaust its tort claims by not presenting an administrative claim to the United States Air Force, as required under the Federal Tort Claims Act ("FTCA"), deprives the Court of jurisdiction. Although the FTCA waives the sovereign immunity of the United States for actions in tort, it requires "that before [a party] can file an action against the United States in district court, [it] must seek an administrative resolution of [its] claim." Jerves v. United States, 966 F.2d 517, 518 (9th Cir. 1992). The Ninth Circuit "[has] repeatedly held that the exhaustion requirement is jurisdictional in nature and must be interpreted strictly." Vacek v. U.S. Postal Serv., 447 F.3d 1248, 1250 (9th Cir. 2006). Courts may not "proceed in the absence of fulfillment of the conditions merely because dismissal would visit a harsh result upon the plaintiff." Id. "With regard to the exhaustion requirement, the Supreme Court has stated that 'in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of even-handed administration of the law.'" Id. (citing McNeil v. United States, 508 U.S. 106, 113 (1993)).

Plaintiff's Complaint does not allege that it or its insured, All Power, filed an administrative complaint or otherwise met the exhaustion requirement. See generally Compl., ECF No 1.

///

Instead Plaintiff contends for the first time in its Opposition that Robyn Holloway and Sterling Holloway "exhausted their administrative remedies with the Defendant." Opp'n, Jan. 2, 2014, ECF No 15 at 3. Plaintiff therefore argues that "the Holloways exhaustion of administrative claims met the requirements of the [FTCA] and served as the basis for [Plaintiff to] proceed with its suit." Id. Defendant denied the Holloways' claim and the Holloways filed suit on August 14, 2012. Plaintiff now argues that it stands in the shoes of the Holloways, allowing it to proceed in this action. Plaintiff is incorrect.

Plaintiff principally relies on a Sixth Circuit case, Executive Jet Aviation, Inc. v. United States, 507 F.2d 508 (6th Cir. 1974) for the proposition that the Holloways' fulfillment of the exhaustion requirement of the FTCA allows the instant action to proceed. In Executive Jet, an insurer and its insured each filed suit after the insured's administrative claim was denied. Because the insurance company did not also file an administrative claim, the district court dismissed its suit. Id. at 501-11, 514-15. The Sixth Circuit reversed, holding that "on the particular facts of this case the administrative claim filed by [the insured] served to toll the limitation period of § 2401(b) with respect to the claim of the insurers. Therefore, [the insured was] permitted to amend its administrative claim to show the insurers as joint claimants, and the insurers [were] given an opportunity to join in [the insured's] action as plaintiffs." Id. at 515.

First and foremost, although the Court is cognizant that the Ninth Circuit has followed Executive Jet in the past, its current viability is questionable. Compare Cummings v. United States, 704 F.2d 437, 439 (9th Cir. 1983) (insurer was permitted to stand in the shoes of the insured for purposes of the exhaustion requirement); with Cadwalder v. United States, 45 F.3d 297, 302 n.4 (9th Cir. 1995) (questioning in dicta whether "the holding in Executive Jet is still viable after the Supreme Court's decision in McNeil v. United States, [508 U.S. 106 (1993)]."). Specifically, the Ninth Circuit has since questioned "the Sixth Circuit's statement [in Executive Jet] 'that technical failure to comply with the administrative claim procedures is not necessarily fatal to recovery,' because it may conflict with the Supreme Court's demand for 'strict adherence to the

[FTCA's] procedural requirements.'" Cadwalder, 45 F.3d at 302 n.4 (quoting Executive Jet and McNeil). Indeed, the Sixth Circuit itself has also subsequently limited its Executive Jet holding to that case's specific facts. See Shelton v. United States, 615 F.2d 713, 715 (6th Cir. 1980) (declining to extend Executive Jet). This Court agrees that the Executive Jet decision is not viable today and declines to apply it in the instant action.

Moreover, the Executive Jet decision is inapposite here in any event. In Executive Jet, the insurer stood in the shoes of its insured, who had filed an administrative claim. Here, Plaintiff is the insurer and All Power is its insured. Neither of them exhausted their administrative remedies. Thus, Executive Jet does not permit Plaintiff's claim to proceed, and Defendant's Motion is GRANTED.

"Ordinarily, a case dismissed for lack of subject matter jurisdiction should be dismissed without prejudice so that a plaintiff may reassert his claims in a competent court. . . ." Frigard v. United States, 862 F.2d 201, 204 (9th Cir.1988) (per curiam). However, in this case, Defendant submitted evidence that "no tort claim has ever been submitted to the Air Force by [Plaintiff] or by [All Power] for the incident alleged in the Complaint." Decl., Oct. 28, 2013, ECF No. 10-1 at 2. Plaintiff conceded this fact by failing to provide any evidence to the contrary and by arguing only that it should stand in the shoes of the Holloways. See generally Opp'n, ECF No. 15. Accordingly, since there is no evidence that either Plaintiff or All Power filed an administrative claim, it is clear that Plaintiff's "complaint [cannot] be saved by any amendment." Intri-Plex Techs., 499 F.3d at 1056 (internal citations omitted). Therefore, the court dismisses the present action without leave to amend.

**B.  Doe Defendants**

Defendant also moves to dismiss the Doe Defendants. Plaintiff does not oppose this argument, which is well taken because Doe Defendants are not proper defendants under the FTCA. See 28 U.S.C. § 2674; see, e.g., Ruggiero v. F.A.A., C-95-20008-JW, 1995 WL 566022 at *2 (N.D. Cal. Sept. 21, 1995) (dismissing Doe Defendants in an

FTCA action).  Defendant's Motion is GRANTED without leave to amend on this basis as well.

### C. Plaintiff's Purported Motion within its Opposition

Finally, Plaintiff purports to make a motion for consolidation within its Opposition to Defendant's Motion.  See Opp'n, ECF No. 15 at 1.  Plaintiff states that "should the Court grant Defendant's Motion to Dismiss, Plaintiff would request the Court to consolidate this case with Holloway . . . and permit [Plaintiff] to intervene in the consolidated action." Id. at 3.  Because the Court dismisses Plaintiff's Complaint with prejudice, and because Plaintiff separately moved to intervene in Holloway, this request is DENIED as moot.  See Motions to Intervene, ECF Nos. 27, 28; 2:12-cv-02120-MCE-CKD.

### CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss, ECF No. 10, is GRANTED without leave to amend, and the Clerk of the Court is directed CLOSE this case.

IT IS SO ORDERED.

Dated:  February 10, 2014

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT